Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)



# UNITED STATES DISTRICT COURT
for the

District of

Division

DAKARAI M URQUHART
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

LYNSY NIX KARL RACINE Etc
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case: 1:21-cv-01434 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 6/22/2021
Description: Pro Se Gen. Civ. (F-DECK)

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.



# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DAKARAI URQUHART**
**3765 FIRST STREET S.E.,**
**Washington, DC 20032**
**(202) 921-9430**

**Plaintiff,**
V.

**THE DISTRICT OF COLUMBIA**
**SERVE:**
**Karl Racine :**
**Office of the Attorney General : Case No.**
**441 4th Street, N.W. :**
**Suite 630 South**
**Washington, DC 20001**
**SERVE:**
**Mayor Muriel Bowser**
**1350 Pennsylvania Ave., N.W.**
**Washington, DC 20004**

**LYNSEY NIX**
**3460 14th Street, N.W., Apt. 1**
**Washington, DC 20010**
**Defendant.**


RECEIVED Mail Room
JUN 2 2 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**COMPLAINT**

COME NOW Plaintiffs Dakarai Urquhart  respectfully represent as

follows:

1, Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 and common law state tort claims, including, but not limited to, compensatory damages, litigation expenses, and reasonable attorney's fees, based on Defendants' unlawful, malicious, and willful seizure, and detention of Plaintiffs' three minor children, D.O., and Defendants' subsequent conspiracy to conceal the unlawful conduct by, inter alia, (1) making knowingly false representations and critical omissions before a court of law, (11) offering knowingly perjured testimony in a proceeding before a court of law, (iii) destroying, withholding, and redacting evidence in violation of the court's rules of discovery and multiple subpoenas, (iv) initiating a child abuse and neglect proceeding in the absence of probable cause, and (v)

engaging in conduct that violated Plaintiffs' constitutional rights.

**JURISDICTION**

The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1331, as the actions complained of herein arise under the Constitution and the laws of the United States. The Court has supplemental jurisdiction over all remaining state law claims under 28 U.S.C. § 1367, as those claims form part of the same case or controversy. The actions complained of

Herein occurred in the District of Columbia.

**PARTIES**

3. Plaintiff Dakarai Urquhart, and at all times relevant to this action has been, a citizen of the United States of America and a resident of the District of Columbia.

4, Plaintiff is, and at all times relevant to this action has been, a citizen of the United States of America and a resident of the District of Columbia.

5: Defendant District of Columbia (hereinafter "D.C. Government') is the local government entity given responsibility for certain municipal activities in Washington, D.C., as set forth in the District of Columbia Home Rule Act passed by Congress in 1973. Defendant D.C. Government may be properly served by having this Complaint, along with a summons

and the initial scheduling order, delivered to (a) Mayor Muriel Bowser, 1350 Pennsylvania Avenue, N.W., Suite 419, Washington, DC 20004, and (b) Karl A. Racine, the Attorney General of the District of Columbia, 441 4th Street, N.W., Room 600 South, Washington, DC 20001.
LYNSEY NIX

6. At all relevant times herein, Defendant Lynsey Nix was an actual and/or apparent agent, servant, and/or employee of Defendant D.C. Government, acting at all times (except on occasions as specifically set forth herein) within the course and scope of her employment and/or authority as a child protection attorney with the D.C. Government Child and Family Services Agency, under color of state law, and pursuant to her official capacity. Defendant Lynsey Nixs is named in this lawsuit individually, as well as in her official capacity for acts conducted within the scope of her employment under color of state law, as described more fully below.

7. At all relevant times herein, Defendant Lynsey Nix was acting at all times as an assistant attorney general with the D.C. GovernmentRepresenting the Child and Family Services Agency, under color of state law,

8.Lynsey Nix is named in this lawsuit individually,for acts conducted within the scope of her employment under color of state law, as described more fully below. All of her activities alleged herein involve investigative and administrative activities prior to any judicial proceeding, and absolute immunity is thus inapplicable here.

## STATEMENT OF FACTS

9. This Complaint alleges herein official malfeasance, recklessness, and malicious acts by the D.C. Government, its agencies, servants, individual employees, and state actors, arising from a series of events in which Plaintiff's effort to protect children from the abuses of D.C. Government and its agents directed to perform
 unnecessary, painful separation from all relatives, and unlawful detention out of state, were met with retaliation by Defendant.Defendant did so to evade the consequences of their illegal conduct. Defendant entered into an agreement with an out of state contracted agency to seize Plaintiffs' three children, and fabricated the justifications for said removal, to force Plaintiffs to defend against a baseless child neglect in which the government never had any evidence or report about. after coming to hearing to seek conditions of release for his children after their mother was hospitalized.allegation; to destroy and withhold documents that evidenced their misconduct, and to make
Plaintiff stipulate to having neglected his children and thereby foreclosing any future redress.

10. Plaintiff's nightmare began on June 13th 2019,when three Children were detained without just cause based on the false claims that defendant Nix made and continues to make without any supporting reports or evidence or any investigation or due diligence .Not only was the removal unconstitutional, but it also violated D.C. Code § 4-1301.09a and CFSA'sInvestigation: Procedural Operations Manual, which required Defendant Nix and D.C.Government to make reasonable efforts "prior to the removal of a child in order to prevent or eliminate the need for removing the child." From June 13th 2019, through the present, the Defendant NiX has engaged in a continuing course of misconduct, in which defendant never performed an investigation which is required by dc rule and producer D.C. neglect rule 4 and also rule 7 but rather included the plaintiff in the neglect proceeding in a grossly negligent, abusive, intentionally wrongful,and retaliatory manner, despite the fact no evidence ever existed of any abuse or neglect. Asa
As a result of Defendant Nix mishandling of its investigation and neglect proceeding, false statements,and animus, Plaintiffs were forced to incur substantial economic losses, as well as severe and irreparable emotional harm and special injuries, for which they deserve to be compensated.

11. On the early morning of June 25, 2016, Plaintiff Dakarai Urquhart received a visit from the children's grandmother telling him to get in touch with an individual from Cfsa and the mother was in the hospital for unknown reasons.

12. Placed all children In foster care and illegally separated from Plaintiffs' care. Not only was the
removal was unconstitutional, but it also violated D.C. Code § 4-1301.09a and CFSA's Investigation: Procedural Operations Manual, which required Defendant Reddrick and D.C. Government to make reasonable efforts "prior to the removal of a child . . . in order to prevent or eliminate the need for removing the child."

13.D.C. Government is constitutionally required to obtain judicial authorization to remove a child when there is opportunity to do so. Defendant Reddrick had ample opportunity to prepare the removal paperwork, to consult with supervisors, to coordinate with MPD and

hospital security, and to alert the PICU of the removal six hours prior. Despite all of this time, Defendant Reddrick did not file a removal petition with the Family Court in the middle of a Workday. Moreover, there was no exigent circumstance that would have permitted the removal. Plaintiffs and their daughter had been at the hospital for five days without incident. Plaintiffs had not refused any medical treatment for their daughter, including those procedures that Plaintiffs would later learn were medically unnecessary. Plaintiffs had made no attempt to remove their daughter from the hospital before her scheduled discharge days later. There was no evidence or allegation of any prior abuse, as supported by the first skeletal survey. Lastly, Defendant Reddrick's Investigation Summary does not allege that the removal was justified based on an exigent circumstance, nor has D.C. Government ever alleged an exigent circumstance justified the removal. Even the allegation that Plaintiffs refused to answer additional questions, if true, would not justify a removal without first seeking judicial approval.

15. On June 30, 2016, D.C. Government assigned Defendant Lynsey Nix, an Assistant Attorney General, to represent it at a probable cause hearing before the Family Court of the D.C. Superior Court. Defendant Nix was required by statute to investigate the facts of this removal and determine whether probable cause existed before drafting a petition.

16. Due to the absence of any evidence of abuse or neglect by Plaintiffs, the on the remaining legal justification for the removal was the allegation that it otherwise known as the permissive inference of neglect, codified at D.C.Code § 16-2316(c).

17. In the absence of evidence, Defendant Nix fabricated support and omitted evidence that contradicted her claims.

18, Additionally, the Petition contained numerous inaccuracies portraying Plaintiffs' as uncooperative. For example, the Petition alleged that Plaintiffs asked

19. On or around June 12, 2019, the Family Court held a hearing to determine, as DefendantNix stated, "probable cause the allegations in the petition are not and have never mentioned the plaintiff."

20. Defendant Nix called plaintiff Dakarai Urquhart to testify in support of the

allegations in the Petition. Defendant Nix r is a CFSA attorney who

21. On many occasions, Defendant Nix had a second opportunity to correct perjured testimony. Or to due a proper investigation that was required by law under rule 7 of the neglect court dealing with initial cases as Defendant Nix wAs trained and should have in any case known the legal process as a attorney for cfsa

22. Defendant Nix, on behalf of the D.C. Government repeatedly made false assertions and perjured testimony resulted in the court "reluctantly" finding probable cause.
The court recited "her ms nix false statements that she felt plaintiff overstated my relationship and involvement in children's life without doing any type of investigation or receiving any report on or about plaintiff.

23. Having found probable cause, the Court ordered that the government did have probable cause Plaintiffs' children were already in sheltercare due to their mother being in the hospital . The defendant Nix pleaded to only permit Plaintiff to have supervised weekly visits for only one hour for all three children over the objections of the father .

24. Plaintiff Dakarai Urquahrt four hour-long drive each week to supervise visitation with the children. The enormity of the pain, suffering,humiliation, inconvenience, emotional trauma, detrimental effect on children's health, and financial drain on Plaintiffs cannot be understated. Due solely to the intentionally false representations of Defendants, Plaintiffs have not regained full custody of the children until this day.

25. Plaintiff was forced to defend against the baseless allegations of neglect, incurring enormous legal expenses from retaining counsel and expert witnesses to refute those allegations.

26. On or around , Plaintiffs' counsel sent Defendant Nix several email requesting that D.C. Government reconsidered its position on shelter care and visitation . Defendant Nix responded by escalating her previous misrepresentations.

27. Plaintiffs learned that D.C. Government and Defendant Nix had omitted critical information regarding Plaintiff Argued that the Petition was incomplete, inaccurate, and misleading, and that D.C. Government deliberately, or with reckless disregard for the truth, omitted critical information from the Petition that would have likely resulted in a finding of no probable cause. When the motion was filed, neglect rule 7 dealing with initial filings duties and responsibilities of defendant nix specifically to avoid civil r flights violation of the people the def took a oath to serve

28. On October 4, 2016, the neglect proceeding began before the Family Court.
D.C. Government

29. The highest levels of D.C. Government and the D.C. Office of Attorney General have been placed on notice of the misconduct by its agents, servants, employees, and state actors and have not investigated or remedied said misconduct. In addition to AAGs Lewis and Parker, who are currently both section Chiefs in OAG's Family Services Division, OAG's Solicitor General has been placed on notice of the underlying misconduct due to her involvement with D.C. Government's opposition brief and oral arguments. At oral arguments, numerous attorneys from OAG were present, wherein the allegations of misconduct were openly addressed before the Court. D.C. Government again failed to deny, refute, or explain said misconduct.

30. Upon information and belief, considering the gravity of the legal arguments raised in Plaintiffs' appellate brief and the nature of the misconduct alleged to have occurred within OAG, Attorney General Karl Racine knew or should have known of the unconstitutional actions of his Assistant Attorney Generals. The Attorney General has failed to, or direct his subordinates to, remedy said misconduct. The Attorney General has also failed to train his subordinates appropriately to avoid further constitutional violations. The Attorney General has

31. In addition to OAG, Plaintiffs have notified the D.C. Office of the Inspector General, the D.C. Board of Ethics and Government Accountability, the D.C. Office of the Mayor, allegations of misconduct
committed by Assistant Attorney Generals.

32. Plaintiff have incurred substantial expense and economic losses, and also suffered and will continue to suffer from mental and emotional damages, all of which were actually and proximately caused by the grossly negligent, wanton, reckless, and intentional acts

of the Defendants, as described above, for which Plaintiffs deserve to be fairly compensated.

**CAUSES OF ACTION**

**COUNT I**
(Constitutional and Civil Rights Violations — Under 42 U.S.C. § 1983)

33. Plaintiff replead and incorporate by reference herein, each and every allegation set

forth above, and further state as follows:

34. At all relevant times mentioned herein, Plaintiff Dakarai Urquhart had clearly established rights under the Constitution of the United States, including, but not limited to, the right under the Fourth Amendment to be free from unreasonable seizures, and rights under the Fifth and Fourteenth Amendments to have life, liberty, property, and the sanctity of the family protected by due process of law.

35. At all relevant times herein, Defendant D.C. Government retained Defendant Lynsey Nix,, as an agent, servants, employees, and/or state actors of Defendant D.C. Government, to act on D.C. Government's behalf in their official capacities, as described more specifically above, under color of state law.

36. At all relevant times herein, Defendant D.C. Government and its agents, servants, employees, and/or state actors, acting under color of state law, owed a continuing duty
to reasonably ensure that the clearly-established federal constitutional and civil rights of the Plaintiff were not violated, to reasonably ensure that the Plaintiffs' rights in this regard were adequately protected, to act responsibly when provided notice that the Plaintiffs rights were violated, and to adequately supervise and train employees to avoid constitutional violations.

37. By the activities described above, Defendant Lynsey Nix, individually, and Defendant D.C. Government, acting by and through its actual and/or apparent agents, servants, employees, and/or state actors, including, but not limited to, Defendant, Lynsey
Nix, acting under color of state law as conferred on them by the District of Columbia and/or the Federal government, violated these duties, by intentionally, maliciously, and/or with reckless disregard depriving Plaintiffs of their federal constitutional rights, privileges, and immunities, including, but not limited to: freedom from the deprivation of liberty, in violation of the Fourth, Fifth, and Fourteenth Amendments; and freedom from the violation of Plaintiffs' underlying liberty interest in the care, custody, companionship, and management of their child, in violation of the Fifth and Fourteenth Amendments.

38. The aforementioned acts, omissions, and systemic deficiencies are policies and customs of the Defendant D.C. Government and its agents, servants, employees, and/or state

actors, which have improperly been permitted and sanctioned, and as such, have resulted in a pattern and practice of improper conduct, consisting of, inter alia:

a. Deprivations of due process so routine that, despite actual or constructive knowledge that its agents, servants, employees, and/or state actors violated Plaintiffs' constitutional rights, Defendants engaged in a continuing course of conduct throughout the proceedings to avoid accountability and hinder Plaintiffs' redress;

b. Constitutional compliance in the District so nonexistent that Defendants seized Plaintiff child without judicial approval or exigency and repeatedly presented false testimony;

C. At all relevant times, there was no system in place designed to ensure that innocent parties ensnared in the D.C. Government's child welfare system receive the necessary due process and other constitutional guarantees, to which they are entitled.

39. Despite the fact that it knew or should have known that this pattern of conduct was being carried out by its agents, servants, employees, and/or state actors, Defendant D.C. Government failed to take adequate and reasonable actions to ensure that the constitutional and
civil rights of Plaintiffs and other citizens are not routinely violated.

40. The acts alleged herein were committed either at the instruction of Defendant D.C. Government, with the knowledge and consent of Defendant D.C. Government, or were thereafter ratified and/or approved by Defendant D.C. Government and its various policymakers.

41. The acts alleged herein violated clearly established Federal Constitutional rights, criminal statutes, court rules, and attorney rules of professional conduct, were not objectively reasonable, and were done under circumstances in which no reasonable official in the aforementioned positions would fail to realize that his or her conduct was a violation of Plaintiffs' rights. Such violations also illustrate the negligent and deliberate indifference manifested by systemic and grossly inadequate instruction, training, supervision, control, discipline, and policies on the part of Defendant D.C. Government.

42. The foregoing acts, omissions, and systemic deficiencies were authorized, permitted, and tolerated, causing the individual Defendant to be unaware of or disregard the rules and policies governing their activities, with the foreseeable result that the Defendant acted in their respective roles in a manner that was not constitutionally acceptable.

43. As a direct and proximate result of the acts and omissions of Defendant D.C. Government, and its agents, servants, employees, and/or state actors, including but not limited

to Lynsey Nix, acting in her respective capacities under color of state law, and as a direct and proximate result of the deficiencies of Defendant D.C. Government's policies and customs, Plaintiff suffered injuries and damages, as set forth more fully above.

WHEREFORE, Plaintiff Dakarai Urquhart demand judgment of and
against Defendant D.C. Government; Defendant Lynsy Nix individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity with CFSA; D.C. Government in her capacity as an AssistantAttorney General;
employee, and/or state actor of the D.C. Government; jointly and severally, in the full amount of ten Million Dollars ($10,000,000.00) in compensatory damages, together with pre-judgment and post-judgment interest thereon; and that this Court award Plaintiffs their costs and expenses
in this action, as well as statutory attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and appropriate.

COUNT I
(Negligence and Gross Negligence)

Plaintiffs replead and incorporate by reference herein, each and every allegation set forth above, and further state as follows:

44. In their interactions with Plaintiffs Dakarai Urquhart, and in the
course of conducting activities both within and beyond the scope of their assigned work activities, Defendant owed a duty to Plaintiff to exercise reasonable care, with due regard for the truth, established procedures, and the important and irreversible consequences of their actions, as well as the Plaintiffs' various liberty, property rights, and interests generally.

45. Through their acts as set forth above, Defendant breached said duty by
carelessly, improperly, and negligently performing their assigned duties, mischaracterizing the truth, and facilitating a process that violated the rights and other protected interests of Plaintiff.

46. Defendant was careless, negligent, and grossly deviated from the applicable
standard of due care, and otherwise breached their duties owed to Plaintiffs, in that they, among other things:

a. Made various knowingly false statements and critical omissions
concerning Plaintiff Dakarai Urquhart and their activities, and
specifically made repeated and lingering false accusations and insinuations that Plaintiff had abused and/or neglected his children, even after it became, or should have become, readily apparent to any reasonably objective observer that they had not;

b. Repeatedly mischaracterized the facts during their inquiries,
investigations, neglect proceedings, and appeal against Plaintiffs, without reasonably

conducting a complete review of pertinent case files, documents, witness statements, and other available evidence;

Cc. Repeatedly destroyed, withheld, and redacted documents and communications that were requested and subpoenaed during discovery, and were requested pursuant to the District's FOIA legislation, without just cause and in violation of various statutes and rules of procedure;

d. Deprived Plaintiffs' exercise of their civil, statutory, and constitutional rights; and otherwise showed a reckless disregard for Plaintiffs' attempts to exercise such legal rights and privileges to which they were entitled;

e. Unduly delayed various official decisions and acts, in violation of established deadlines, thereby unfairly extending the deprivation of Plaintiffs' rights, and increasing Plaintiffs' various costs, expenses, and damages;

f. Wrongfully impugned the reputations of the Plaintiff, private citizens, in willful and reckless disregard of the truth;

g. Wrongfully deprived Plaintiff of the care and custody of their daughter, without first establishing honest probable cause to justify this severe deprivation;

h. Failing to protect Plaintiff and their children from the abuses of Civil rights violation , even after having been placed on notice that such abuses were ongoing;

i. Unduly prolonged a deprivation through Defendants' failure to reasonably and actively perform, advance, and/or complete their investigations, safety planning, family meetings, neglect proceedings, discovery obligations, reunification efforts, and other activities in a timely manner;

j. Recklessly pursued neglect proceedings against Plaintiff into original probable cause determination was obtained through fraud, deceit, and perjury, and without any supporting witnesses or medical records;

k. Failing to conduct their activities in accordance with applicable statutes, regulations, standard operating procedures, court rules, and rules of professional conduct;

L. Fabricating claims of additional injuries to Plaintiffs' daughter despite an absence of any symptomology and the bulk of opposing medical opinions of highly qualified medical professionals;

m. Failing to obtain judicial approval for the premeditated removal of

Plaintiffs Three children

n. Participating in a wrongful conspiracy;

O. Failing to consider that their actions might be wrong, refusing to fairly

and promptly reconsider decisions, and decline to admit previous mistakes.

47. As a direct and proximate result of Defendants' negligence, carelessness, and gross breach of due care, Plaintiff have suffered substantial financial losses, as well as lost wages and diminution of earning capacity; and have suffered and will continue to suffer from mental and emotional injuries, all of which are permanent in nature, for which compensation is

warranted.

WHEREFORE, Plaintiffs Dakarai Urquhart demand judgment of and against Defendant D.C. Government; Defendant Lynsy Nix, individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity with CFSA; individually and/or as the agent, servant, and/or employee of the D.C.Government in her capacity with CFSA; Defendant Lynsey Nix, individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity as an Assistant Attorney General;in the full amount of Ten Million Dollars ($10,000,000.00) in compensatory damages, together with pre-judgment and post-judgment interest thereon; and that the Court award Plaintiffs their costs and expenses in this action, as well as such other and further relief as the Court deems just and appropriate.

## COUNT III
### (Abuse of Process)

Plaintiff replead and incorporate by reference herein, each and every allegation set

forth above, and further state as follows:

48. At all relevant times mentioned herein, Defendants owed a duty to Plaintiffs Dakarai Urquhart not to abuse the D.C. Government's investigatory, civil neglect, and administrative processes in a manner to deprive Plaintiffs of the rights to which they were entitled under law.

49. Defendant D.C. Government, and Defendant Lynsey Nix, as agents, servants, employees, and/or state actors of Defendant D.C. Government, acting through their respective capacities as set forth more fully above, breached this duty to Plaintiffs, inter alia:

a. by conducting improper, incomplete, and unnecessarily delayed inquiries and investigations;

b. by failing to hold a timely Family Team meeting or Safety Plan meeting with Plaintiff prior to removing D.O. from their care;

C. by failing to seek judicial approval for the premeditated removal of Plaintiffs Children

d. by failing to timely adhere to various deadlines, time requirements, andrules put in place so that any systemic damage caused by the temporary separation of parents from their children and the stress and anxiety of litigation might be minimized rather than unduly exacerbated;

e. by drafting and filing a Petition with the Family Court, containing knowingly false representations of fact and lacking a genuine legal basis for the unlawful removal of Plaintiff daughter;

f. by making knowingly false representations, critical omissions, suborning perjured testimony, and offering perjured testimony at the probable cause hearing;

g. by proceeding with the same Petition into the litigation process without completing its investigations or finding a single medical expert who could support the D.C. Government's stated position against the plaintiff

h. by destroying, withholding, and redacting documents and communications that were requested during discovery and subpoenaed, without just cause and in violation of various statutes, regulations, and rules of procedure;

i. by forcing Plaintiff to bear all of the anxiety and costs of defending an action that Defendants knew they lacked evidence to support.

50. As a direct and proximate result of the aforementioned conduct and the actual and repeated abuses of process by Defendant and their agents, servants and/or employees, Plaintiff suffered substantial economic damages, including expenses, lost wages, and

diminished earning capacity, and will continue to suffer, inter alia, severe emotional distress, mental anguish, embarrassment, and humiliation, all of which are permanent in nature.

WHEREFORE, Plaintiff Dakarai Urquhart demand judgment of and
against Defendant D.C. Government; Defendant Lynsey Nix, individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity as an Assistant Attorney General; in the full amount of Ten Million Dollars ($10,000,000.00) in compensatory damages, together with prejudgment and postjudgment interest thereon; and that the Court award Plaintiffs their costs and expenses in this action, as well as such other and further relief as the Court deems just and appropriate.

**COUNT IV**
**(Intentional Infliction of Emotional Distress)**

Plaintiffs replead and incorporate by reference herein, each and every allegation set

forth above, and further state as follows:

51. At all relevant times mentioned herein, Defendant D.C. Government, acting by and through its agents, servants, employees, and/or state actors, inter Defendant Lynsey Nix,
individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity as an Assistant Attorney General; and Defendant Norrell Atkinson, individually and/or as the agent, servant, employee, and/or state actor of the D.C. Government; did by extreme, outrageous, intentional, willful, malicious, and/or reckless conduct intentionally humiliate, embarrass, shock, scar, and frighten Plaintiffs, as set forth above. Plaintiffs also seek compensation from Defendants Lynsey Nix, individually, for any and all acts stated above that are deemed outside of their respective official capacities and exceed the scope of their respective authorities.

52. As a direct and proximate result of the aforementioned extreme, outrageous, intentional, willful, malicious and reckless conduct of Defendant and their agents, servants, employees and/or state actors, Plaintiffs suffered, and will continue to suffer, inter alia, severe emotional distress, mental anguish, embarrassment, and humiliation, all of which are permanent in nature.

WHEREFORE, Plaintiff Dakarai Urquhart demand judgment of and
against Defendant D.C. Government; Defendant
of Five Million Dollars ($5,000,000.00) in compensatory damages, together with pre-judgment and post-judgment interest thereon; and that the Court award Plaintiffs their costs and expenses in this action, as well as such other and further relief as the Court deems just and appropriate.

COUNT V
(Negligent Infliction of Emotional Distress)

Plaintiffs replead and incorporate by reference herein, each and every allegation set

forth above, and further state as follows:

53. At all relevant times mentioned herein, Defendants owed a duty of due care to conduct themselves reasonably in a manner so as not to humiliate, embarrass, shock, scar, or frighten Plaintiffs, and to avoid any unreasonable or unnecessary infliction of emotional distress upon the Plaintiffs, as set forth above.

54. At all relevant times mentioned herein, Defendant D.C. Government, acting by D.C. Government in her capacity with CFSA; Defendant Lynsey Nix, individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity as an Assistant Attorney General;

55. As a direct and proximate result of the aforementioned acts and omissions by Defendants and their agents, servants, employees, and/or state actors Plaintiffs suffered, and will continue to suffer, inter alia, severe emotional distress, mental anguish, embarrassment, and humiliation, all of which are permanent in nature.

WHEREFORE, Plaintiffs Dakarai Urquhart  demand judgment of and against Defendant D.C. Government; Defendant Lynsey Nix, individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity as an Assistant Attorney General; y, in the full amount of Ten Million Dollars ($10,000,000.00) in compensatory damages, together with pre-judgment and post-judgment interest thereon; and that the Court award Plaintiffs their costs and expenses in this action, as well as such other and further relief as the Court deems just and appropriate.

**COUNT VI**
**(Negligent Hiring, Training, Supervision, and Retention)**

Plaintiffs replead and incorporate by reference herein, each and every allegation set

forth above, and further state as follows:

56. At all relevant times mentioned herein, Defendant D.C. Government, acting by and through the agents, servants, and/or employees of CFSA and OAG, had a continuing duty to reasonably, carefully, and conscientiously secure the services of qualified and well-trained

employees, agents, and/or servants, and to reasonably hire, train, supervise, and retain their employees, agents and/or servants so as to reasonably assure, inter alia, that they were trained in reasonable methods of investigation; that they would not remove babies from their natural parents without just cause; that they would appropriately refrain from seeking to place unreasonable restrictions on parents' access to their own children or unreasonably delay the return of such children when the return is warranted; that they would recognize that the proper role of the D.C. Government and its counsel is to represent the best interests of children; that they would not engage in unprofessional and/or criminal conduct; that they would seek judicial approval for premeditated removals; that they would respect the rights of citizens; that they would refrain from retaliations based on challenges to official conduct or personal dislikes; and generally that they would at all times act with a sufficient minimum level of professionalism, as required by the duties of their respective office.

57. At all relevant times mentioned herein, Defendant D.C. Government, acting by and through their agents, servants and/or employees, breached their duties owed to Plaintiffs. The violations illustrate deliberate indifference manifested by systemic and grossly inadequate instruction, training, and lack of adequate supervision, control, discipline, and/or policies on the part of Defendant D.C. Government and its agencies, as well as the other named Defendants.

58. As a direct and proximate result of the aforesaid negligent hiring, training, supervision, and retention, Plaintiffs suffered substantial economic damages, including expenses, lost wages, and diminished earning capacity, and will continue to suffer, inter alia, severe emotional distress, mental anguish, embarrassment, and humiliation, all of which are permanent in nature.

WHEREFORE, Plaintiffs Dakarai Urquhart demand judgment against Defendant D.C. Government in the full amount of Ten Million Dollars ($10,000,000.00) in compensatory damages, together with pre-judgment and post-judgment interest thereon; and that this Court award Plaintiffs their costs and expenses in this action, as well as such other and further relief as the Court deems just and appropriate.

**COUNT VII**
**(Punitive Damages)**

Plaintiffs replead and incorporate by reference herein, each and every allegation set

forth above, and further state as follows:

59. Defendants Lynsey Nix, acting individually and as agents, servants, employees, and/or state actors of
Defendant D.C. Government in their respective official capacities, as described more fully above, acted with actual malice toward Plaintiffs by engaging in conscious and deliberate wrongdoing with an evil or wrongful motive, with an intent to injure, with ill will, and with malice and  indifference to the federally protected rights of Plaintiffs.

WHEREFORE, Plaintiff demand judgment of and against Defendant  Lynsey Nix, individually and/or as the agent, servant, and/or employee of the D.C. Government in her capacity as an Assistant Attorney General; and Defendant Norrell Atkinson, individually and/or as the agent, servant, employee, and/or state actor of the D.C. Government; jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00) in punitive damages, pluspre-judgment and postjudgment interest and costs as warranted.

**JURY DEMAND**

Plaintiffs hereby request a trial by jury as to all issues triable herein.

Respectfully submitted,

Dakarai Urquhart

3765 1st ., S.E.., Washington, DC 20032

Tel: (202) 921-9430
equalbeautyproject@Gmail.com

Pro se Plaintiff