
FILED
7/12/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAKARAI URQUHART,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>*Defendants*. | Civil Action No. 1:21-cv-01434 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP Application and dismiss the case for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting), failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and on the basis of one Defendant's immunity.

Plaintiff, a resident of the District of Columbia, sues the District of Columbia and Lynsey Nix, an Assistant Attorney General for the District of Columbia (D.C. Child and Family Services Agency). Compl. at 2–4. Plaintiff alleges that Defendants committed various violations of the Constitution, District of Columbia Code, and common law tort. *See id*. at 3–6, 9–17. These allegations all arise from proceedings initiated by Child and Family Services with the Superior Court of the District of Columbia Family Court, which resulted in the removal of minor children from Plaintiff's care and their placement in foster care. *See id*. at 3–9. Plaintiff contends that Child and Family Services, by and through Nix, presented false evidence, withheld and destroyed

1

evidence, committed perjury, and lacked probable cause to initiate the Family Court proceedings. *See id*.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. A party seeking relief in a district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal. *See* Fed. R. Civ. P. 12(h)(3). Here, Plaintiff attempts unsuccessfully to raise a federal question. Preliminarily, to the extent that Plaintiff implicitly seeks review of the determinations of the Superior Court, this court lacks jurisdiction to review or interfere with judicial decisions by state and District of Columbia courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Prosecutors also are absolutely immune from civil suits based on their conduct in both initiating and pursuing a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (finding that prosecutors are absolutely immune for activities "intimately associated with the judicial process" such as initiating and pursuing a criminal prosecution). The Court of Appeals has held that absolute immunity protects government attorneys for their conduct in initiating and prosecuting civil child neglect cases. *Gray v. Poole*, 243 F.3d 572, 577 (D.C. Cir. 2001) (noting that in so holding, the D.C. Circuit had joined with every Circuit to have addressed the issue); *see also Ficken v. Golden*, 696 F. Supp. 2d 21, 29 (D.D.C. 2010) (finding same and collecting cases). The claims against Nix fall within the scope of her absolute immunity and must be dismissed.

It follows then, that the claims against the District of Columbia must also fail. Vicarious liability "is not an independent cause of action," but instead "a legal concept employed to transfer

liability from an agent to a principal at trial." *Hayes v. Chartered Health Plan, Inc.*, 360 F. Supp. 2d 84, 90 (D.D.C. 2004) (citing *Crawford v. Signet Bank*, 179 F.3d 926, 929 (D.C. Cir. 1999)). Thus, "[i]n the absence of agent liability, no liability can attach to the principal." *Id.*; *accord Lober v. Moore*, 417 F.2d 714, 718 (1969) (observing that "it is settled that a judgment exonerating a servant or agent from liability bars a subsequent suit on the same cause of action against the master or principal based solely on *respondeat superior*"). Plaintiff's claims against the District of Columbia are based solely on its alleged vicarious liability for the actions of defendant Nix and her department under the doctrine of *respondeat superior*, and thus the dismissal of all claims against defendant Nix necessitates the dismissal of all claims against the District. *Ficken v. Golden*, 696 F. Supp. 2d 21, 30–31 (D.D.C. 2010) (dismissing constitutional, statutory, and common law claims arising out of child neglect proceedings) (citing *Lober*, 417 F.2d at 718). It is also "well-established that a municipality cannot be held responsible for [its] agents' constitutional torts under a *respondeat superior* theory, because the doctrine of *respondeat superior* liability does not apply to [§] 1983 claims." *Runnymede–Piper v. District of Columbia*, 952 F. Supp. 2d 52, 56 (D.D.C. 2013) (citing *Warren*, 353 F.3d at 38).

To the extent that Plaintiff claims that the District itself acted unlawfully, the District can be held liable under § 1983 only if it "is itself responsible for an unconstitutional deprivation of rights." *Atchinson v. District of Columbia*, 73 F.3d 418, 420 (D.C. Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Put differently, "a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (citations, brackets and internal quotation marks omitted); *see also Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004) ("[M]unicipalities are liable for their agents' constitutional torts only if the agents acted pursuant

3

to municipal policy or custom."). Here, Plaintiff neither identifies nor describes any offending practice or custom that caused the alleged constitutional violations. Plaintiff instead broadly alleges that Nix and her department committed wrongdoing and that the District of Columbia as the employer must therefore be liable. The "complaint thus fails to allege a necessary element of a [§] 1983 violation, namely, that there be a deprivation of rights under color of any statute, ordinance, regulation, custom, or usage of [the District of Columbia]." *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987) (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted).

For these reasons, this matter is dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: July 12, 2021

CARL J. NICHOLS
United States District Judge